IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cr. No.  17-00514 JMS (03) |
| | Civ. No. 21-00453 JMS-RT |
| Plaintiff-Respondent, | |
| | ORDER (1) DISMISSING |
| vs. | PETITIONER'S MOTION UNDER |
| | 28 U.S.C. § 2255 TO VACATE, |
| | SET ASIDE, OR CORRECT |
| SHEREASE ANTOINETTE LATIN, | SENTENCE BY A PERSON IN |
| | FEDERAL CUSTODY, ECF NO. |
| Defendant-Petitioner. | 204; AND (2) DENYING A |
| | CERTIFICATE OF |
| | APPEALABILITY |

**ORDER (1) DISMISSING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY, ECF NO. 204; AND (2) DENYING A CERTIFICATE OF APPEALABILITY**

## I.  INTRODUCTION

Currently before the court is Defendant-Petitioner Sherease Antionette Latin's ("Latin") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "Petition").  ECF No. 204.  For the reasons discussed below, the Petition is DISMISSED and a Certificate of Appealability is DENIED.

## II.  BACKGROUND

On July 17, 2018, Latin pled guilty with a plea agreement to Count 1 of an Indictment charging her with conspiracy to distribute and possess with intent

to distribute 500 grams or more of a mixture or substance containing a detectable

amount of methamphetamine in violation of 18 U.S.C. § 2 and 21 U.S.C.

§§ 841(a)(1), (b)(1)(A), and 846.  *See* ECF No. 38; ECF No. 39 at PageID # 85;

ECF No. 144 at PageID # 663.[1]  On January 23, 2020, the court sentenced Latin to

a term of 120 months imprisonment to be followed by five years of supervised

release.  *See* ECF No. 144.  Latin filed a notice of appeal on January 25, 2020.

ECF No. 146.  She later moved for voluntary dismissal of that appeal, which the

Ninth Circuit granted on June 9, 2020.  ECF No. 172.

On June 9, 2021, Latin[2] filed a motion through which she sought an

extension of time to file a future 28 U.S.C. § 2255 habeas petition, apparently

recognizing that any filing of such a petition after June 9, 2021 would be untimely.

ECF No. 201 at PageID # 1149; *see also* ECF No. 201-1 at PageID # 1154.[3]  The

court denied the motion as procedurally improper on June 15, 2021.  *See* ECF No.

202 at PageID # 1157 ("Until Defendant files a habeas petition, this court lacks

---

[1] All ECF citations are to the docket in Criminal Case No. 17-00514 JMS (03).

[2] Latin is currently incarcerated at Federal Prison Camp ("FPC") Bryan.  *See*
https://www.bop.gov/inmateloc/ (last visited March 7, 2022).

[3] The motion is deemed filed on the date Latin gave it to prison officials for mailing.  *See*
*Houston v. Lack*, 487 U.S. 266, 276 (1988) (explaining the prison mailbox rule); *Douglas v.*
*Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009).  That motion was processed for mailing by prison
officials on June 9, 2021.  *See* ECF No. 201-1 at PageID # 1154.  Thus, the court considered
June 9, 2021 to be the date on which Latin gave the motion to prison officials for mailing.

jurisdiction or authority to consider the timeliness of that petition and whether she

is entitled, for example, to equitable tolling of the statutory filing date." (footnote

omitted)).[4]  Latin did not appeal that determination.

Latin now submits the present Petition.  ECF No. 204; *see also* ECF

No. 206 ("Supporting Documentation").  Liberally construed, Latin filed the

Petition on November 9, 2021.[5]

After determining that the Petition did not appear timely on its face,

the court ordered briefing from both parties limited to the issue of timeliness.  ECF

---

[4] The court determined that Latin's June 9, 2021 filing, even liberally construed, was a motion for extension of time, *not* a § 2255 petition.  *See* ECF No. 201 at PageID # 1149 ("I respectfully ask for this letter to be filed as a motion for an extension . . . from the one year . . . cut off day . . . to file a 2255 motion *if the need arises*." (emphasis added)).  Latin's motion contained nothing that could be considered a petition under § 2255.  She asked for a preemptive extension to file a § 2255 petition "*if the need arises*," stating further that she was "currently waiting on motions to be ruled on in other courts, that will greatly affect [her] situation." *Id*. Thus, recharacterization of Latin's June 9, 2021 motion as a first § 2255 petition would not have been appropriate given the limits and specific nature of her request.  Further, this court cannot recharacterize a pro se litigant's motion as one brought under § 2255 unless the court first informs the litigant of the court's intent to do so, explains that any subsequent § 2255 motion would be subject to the second or successive § 2255 motion limitation, and provides the litigant an opportunity to withdraw or amend the motion.  *See Castro v. United States*, 540 U.S. 375, 381-83 (2003) (specifying the limitations on a court's recharacterization of first § 2255 petitions given the possible disadvantageous consequences); *see also United States v. Seesing*, 234 F.3d 456, 463 (9th Cir. 2000) ("The rule of liberal construction and its application to . . . § 2255 motions is for the benefit of the pro se prisoner; its rationale loses validity where it is invoked to the prisoner's disadvantage.").

[5] The Petition is signed with the date November 9, 2021, and the mailing envelope bears that date as well.  *See* ECF No. 204 at PageID # 1173; ECF No. 204-29 at PageID # 1294 (mailing envelope).  Thus, the court considers November 9, 2021 to be the date on which Latin gave the Petition to prison officials for mailing and the date the Petition was filed.  *See Houston*, 487 U.S. at 276.

No. 205 at PageID # 1298 (stating that the briefing should address the timeliness issue, whether under § 2255(f)(1)-(4) or under the doctrine of equitable tolling). The United States filed its Response on December 13, 2021.  ECF No. 208.  After extending the due date, ECF Nos. 209 & 210, Latin filed a Reply to the Government's Response on February 14, 2022, ECF No. 211.

For the reasons set forth below, the court determines that the Petition is time-barred.

## III. <u>ANALYSIS</u>

Latin alleges ineffective assistance of counsel, arguing that certain failures of two prior counsel prejudiced her and resulted in a higher sentence than she would have otherwise received.  More specifically, she argues that her counsel failed to provide effective assistance on several related grounds, including: (1) failure to investigate various discovery documents, the criminal conduct charges listed in her presentence investigation report ("PSR"), the dates of conspiracy stated in her PSR, and the admissibility of a post-arrest statement allegedly made in violation of Latin's Fifth Amendment Rights; and (2) failure to object to the PSR given its "errors and inconsistencies," a statement by the court regarding Latin's "significant role" in the criminal conduct, and the amount of substantial assistance credit she received.  *See* ECF No. 204 at PageID ## 1164-69; *see also* ECF No. 204-1 at PageID ## 1177-91.  Latin also bases her Petition on

4

"the lack of application of the 'safety valve' pursuant to the First Step Act of 2018."  ECF No. 204-1 at PageID # 1176.  As set forth below, Latin's claims are time-barred and equitable tolling does not apply.

**A.    Latin's Claims Are Time-Barred Under § 2255(f)(1)-(4)**

A one-year statute of limitations applies to § 2255 petitions, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The finality date of a criminal judgment—that is, the date the one-year limitations period begins to run for purposes of a § 2255 petition—depends upon a defendant's post-conviction appellate activity.  If a defendant "does not pursue a

direct appeal to the Court of Appeals, the conviction becomes final when the time for filing a direct appeal expires." *United States v. Gilbert*, 807 F.3d 1197, 1199 (9th Cir. 2015) (citing *United States v. Schwartz*, 274 F.3d 1220, 1223 & n.1 (9th Cir. 2001)).

But Latin filed a direct appeal on January 25, 2020, *see* ECF No. 146, and later voluntarily dismissed that appeal, *see* ECF No. 172 (Ninth Circuit mandate entered June 9, 2020). When an appeal is voluntarily dismissed, the conviction becomes final on the date the appellate court dismisses the appeal. *See United States v. Laughing*, 2017 WL 8941235, at *2 (D. Ariz. Feb. 22, 2017) (citing *United States v. Arevalo*, 408 F.3d 1233, 1236 (9th Cir. 2005) ("[O]nce an appeal is voluntarily dismissed, appellate courts no longer have jurisdiction over the merits of the appeal.")); *see also United States v. Solis-Sanchez*, 2017 WL 1166153, at *2 (E.D. Ca. Mar. 29, 2017); *United States v. Garibay-Mares*, 2008 WL 4630343, at *5 (C.D. Ariz. Oct. 20, 2008). Here, the judgment became final on June 9, 2020, the date on which the Ninth Circuit mandate entered.[6] Latin filed

---

[6] The Seventh Circuit has found that a federal conviction was not final until the time for filing a petition for writ of certiorari expired where a § 2255 petitioner, through counsel, voluntarily dismissed his direct appeal but later timely sought to reinstate the appeal after issuance of the appeals court mandate. *See Latham v. United States*, 527 F.3d 651, 652-53 (7th Cir. 2008) (holding that a § 2255 petitioner was entitled to a 90-day window to petition for certiorari after dismissing his appeal); *see also Arevalo*, 408 F.3d at 1237-38 (stating that the Ninth Circuit "[has] no jurisdiction over [a petitioner's] appeal because he moved to reinstate his appeal seven months after his voluntary dismissal[,] . . . well beyond [the period to seek such reinstatement]"). Latin did not seek reinstatement of her appeal, and thus the judgment became final on June 9, 2020, the date the Ninth Circuit order and mandate entered. *See* ECF No. 172.

her Petition on November 9, 2021—five months past the one-year deadline outlined in § 2255(f)(1).  Thus, in order to proceed, Latin's claims must fall under § 2255(f)(2), (f)(3), or (f)(4).

First, § 2255(f)(3) does not apply here.  Latin has not asserted a right newly recognized by the Supreme Court and made retroactively applicable on collateral review.

Next, § 2255(f)(2) does not provide Latin any relief from the conclusion that her Petition is untimely.  Liberally construing her Reply, Latin appears to argue that the closure of the prison law library during the COVID-19 pandemic and other responsive restrictions constitute government-induced impediments.  To be sure, courts have held that lack of access to certain legal resources, including a law library, *may* constitute, in some circumstances, a government-induced impediment under § 2255(f)(2) (or under 28 U.S.C. § 2244(d)(1)(B), the § 2244 counterpart to § 2255(f)(2)).[7]  *See, e.g.*, *Simmons v. United States*, 974 F.3d 791, 795-96 (6th Cir. 2020); *see also Estremera v. United States*, 724 F.3d 773, 777 (7th Cir. 2013); *Egerton v. Cockrell*, 334 F.3d 433, 438-39 (5th Cir. 2003) (finding that "[t]he absence of all federal materials from a prison

_____

[7] Section 2244(d)(1)(B) provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of . . . the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."

library," including a copy of the Antiterrorism and Effective Death Penalty Act

("AEDPA"), "without making some alternative arrangements to apprise prisoners

of their rights," constitutes a government-induced impediment under 28 U.S.C.

§ 2244(d)(1)(B)); *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en

banc) (holding that absence of legal materials describing AEDPA may be sufficient

to constitute an "impediment" under 28 U.S.C. § 2244(d)(1)(B)).

But "to invoke Section 2255(f)(2), it is the prisoner's responsibility to

allege (1) the existence of an impediment to his making a motion,

(2) governmental action in violation of the Constitution or laws of the United

States that created the impediment, and (3) that the impediment prevented the

prisoner from filing his motion." *Simmons*, 974 F.3d at 796-97.  Stated differently,

Latin must show a causal connection between the unlawful impediment asserted

and her failure to timely file her § 2255 Petition.  *See Bryant v. Arizona Attorney*

*Gen.*, 499 F.3d 1056, 1060 (9th Cir. 2007) (requiring a causal connection to be

shown when a petitioner seeks to invoke § 2244(d)(1)(B)).  Latin does not meet

that burden here.

As an initial matter, the closure of the law library and other similar

restrictions due to the COVID-19 pandemic were actions taken by the Bureau of

Prisons for the health and safety of inmates and staff during a global health crisis.

It is questionable whether those restrictions constitute government-induced

impediments under § 2255(f)(2).  *See, e.g.*, *Caraballo v. United States*, 2021 WL 1062036, at *2 (S.D.N.Y. 2021) ("[The court does] not regard steps taken in the interest of health and safety as government-induced impediments [under § 2255(f)(2)]."); *United States v. Leggio*, 2021 WL 694806, at *3 (M.D. Pa. Feb. 22, 2021), *appeal filed* (No. 21-1572) (finding no merit to a defendant's argument that he was prevented from filing a § 2255 petition due to lack of access to the lawyers and the courts because of the COVID-19 pandemic since "the . . . pandemic is clearly not an 'impediment to making a motion created by government action' [under § 2255(f)(2)]").

Nevertheless, even assuming that closure of the law library during the COVID-19 pandemic (with access instead to an electronic law library via computer workstations) is a government-induced impediment, Latin fails to demonstrate that she was "*prevented from making a motion* by such governmental action."  28 U.S.C. § 2255 (emphasis added); *see Simmons*, 974 F.3d at 797; *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011) (stating that, in order to prevail in his attempt to invoke tolling under § 2244(d)(1)(B), a defendant "must . . . show that the lack of adequate legal materials actually *prevented* him from timely filing his habeas petition" (emphasis in original)).

Here, rather than filing a timely—even if bare-bones—§ 2255 petition, Latin instead filed a preemptive motion seeking extension of time to file

such a petition, in apparent recognition that future filing of a § 2255 petition would be untimely.  *See* ECF No. 201 (filed on June 9, 2021).  And although Latin states that "the prison was on lockdown [from June through December 2020] with no phone, computer (Electronic Law Library . . . ), printer, or typewriter access *on more than one occasion*," this is hardly sufficient to demonstrate that she was *prevented* from filing a timely § 2255 petition due to restricted access to the traditional law library.  ECF No. 211 at PageID # 1398 (emphasis added).  Further, Latin "had access to legal research using the law library computer workstations that were available in each of the housing units," which included access to the Bureau of Prisons Electronic Law Library and printing services.  ECF No. 208-1 at PageID ## 1324-25 (Declaration of Erin Goodwin, Supervisor of Education at FPC Bryan); *see also* ECF No. 211-4 at PageID # 1408 (stating, in a May 18, 2020 email, that "[Latin's] Unit Manager [at FPC Bryan] . . . indicated she would facilitate [typewriter] use for [Latin] as well as time [for Latin] to review [her] PSR").  Thus, to the extent that Latin asserts the lack of traditional law library access during the COVID-19 pandemic as a government-induced impediment under § 2255(f)(2), that argument fails.

        And based on what is provided in the Petition, § 2255(f)(4) does not apply to Latin's claims, either.  Section 2255(f)(4) tolls the statute of limitations until the date on which the facts supporting the claim or claims could have been

discovered through the exercise of reasonable diligence.[8]  *Clarke v. United States*,

703 F.3d 1098, 1100 (7th Cir. 2013).  This provision "does not require the

maximum feasible diligence, only due, or reasonable, diligence."  *Anjulo-Lopez v.*

*United States*, 541 F.3d 814, 818 (8th Cir. 2008) (quoting *Wims v. United States*,

225 F.3d 186, 190 n.4 (2d Cir. 2000)).  In other words, reasonable diligence "does

not require a prisoner to undertake repeated exercises in futility or to exhaust every

imaginable option."  *Id.* (quoting *Aron v. United States*, 291 F.3d 708, 712 (11th

Cir. 2002)).  Rather, a prisoner must "make *reasonable* efforts to discover the facts

supporting [her] claims."  *Id.*

> For all but her safety valve claim, Latin points to a document received
> on May 5, 2021 ("May 5, 2021 document")—reflecting a Nebraska county court's
> dismissal of Latin's May 3, 2021 Writ of Error Coram Nobis regarding a prior
> conviction in that state for resisting arrest and assault and battery—as the sole basis

---

[8] Under § 2255(f)(4), a petitioner must exercise due diligence to discover the relevant facts—not the legal consequences of those facts—supporting her claim.  *United States v. Cazarez-Santos*, 66 F. Supp. 3d 1301, 1305 (S.D. Cal. 2014), *aff'd*, 655 F. App'x 543 (9th Cir. 2016) (finding that Petitioner in a § 2255 claim knew "[b]y no later than the date that he pleaded guilty . . . the facts underlying his habeas claim" and "[t]hat he may not have realized the legal significance of those facts until later makes no difference."); *see also United States v. Pollard*, 416 F.3d 48, 55 (D.C. Cir. 2005) ("[F]or the purposes of [a §2255(f)(4) claim], [t]ime begins when the [Petitioner] knows (or through diligence could discover) the important facts, not when the [Petitioner] recognizes their legal significance." (citation and quotation marks omitted)).

for her assertion that her Petition is timely.[9]  *See* ECF No. 211 at PageID # 1397

("I did not receive the 'facts' until May 2021 for a portion of the claim . . . ."); ECF

No. 204-1 at PageID # 1192 ("The latest date of records received at this time was

on May 5, 2021.").  Latin argues that "[t]he dates and the correct charges are facts

needed to support [her § 2255] claims," ECF No. 211 at PageID # 1398, and

appears to assert that the May 5, 2021 document somehow demonstrates that the

dates or charges related to her resisting-arrest and assault-and-battery convictions

as reflected in the PSR are incorrect.  *See* ECF No. 204-2 at PageID # 1195

(stating, in her exhibit list, that the May 5, 2021 document (i.e., Exhibit G)

"show[s] the conviction date of 11/17/2001").[10]

But Latin's duty of diligent inquiry arose well before June 9, 2020—

the date on which the judgment for the underlying action became final.  As early as

---

[9] In her Petition, Latin states that "[t]he latest date of records received at this time was on May 5, 2021."  ECF No. 204-1 at PageID # 1192.  And in her Reply, Latin states that "more facts were not received until November 2021," and "[t]herefore the statue [sic] of limitations would have technically began in November 2021."  ECF No. 211 at PageID ## 1397-98.  Nevertheless, she "request[s] that the [one-year statute of limitations period] begin in May 2021."  *Id*. at PageID # 1398.

[10] Contrary to Latin's assertions, the May 5, 2021 document does not indicate that any dates or charges for Latin's resisting-arrest and assault-and-battery convictions are incorrect.  Stated differently, the May 5, 2021 document does not stand for the proposition Latin puts forward—it states that November 17, 2001 is the date on which Latin "entered no contest please" to the charges, *not* that she was convicted on that date.  *Compare* ECF No. 204-2 at PageID # 1195 (asserting that her conviction date for the resisting arrest and assault and battery charges is November 17, 2001 and, therefore, is incorrect in the PSR), *with* ECF No. 204-9 at PageID # 1215 (stating, in the May 5, 2021 document, that Latin "entered no contest pleas" to the charges on November 17, 2001), *and* PSR ¶ 56, ECF No. 138 at PageID # 617 (stating a "Sentence Imposed/Disposition" date of March 14, 2002 for those offenses in the PSR).

October 2018, Latin raised objections regarding her criminal history score as calculated in the draft PSR—objections that involve the very same prior convictions that she disputes in her § 2255 Petition. *See* ECF No. 42 at PageID # 156 (objecting, through her sentencing statement, to paragraphs 55, 56, 57, 59, 64, 67, 69, and 123 of the draft PSR—all relating to her criminal history and the calculation of her criminal history category). And although her objections were later withdrawn at sentencing by her subsequently-appointed counsel, *see* ECF No. 164 at PageID # 745, Latin was aware at her January 23, 2020 sentencing hearing that the information relating to her prior convictions was adopted by the court for sentencing purposes. *See id.* at PageID # 746.[11] Also at sentencing, Latin confirmed to the court that she reviewed the PSR, was therefore aware of its contents (including her criminal history and prior convictions), and had no objections. *See* ECF No. 164 at PageID ## 741-43.[12] Thus, Latin's claims

---

[11] At sentencing, one correction (unrelated to Latin's prior convictions) was made to the PSR before the court adopted as its own PSR's factual findings and conclusions as to the guidelines. *See* ECF No. 164 at PageID ## 743-44, 746; *see also* ECF No. 145 at PageID # 670 (revising the last sentence of paragraph 17 of the PSR to begin with the words, "According to the Memorandum of Plea Agreement").

[12] After Latin raised concerns at her sentencing hearing regarding ineffective assistance of counsel, the court recessed to provide Latin and her counsel time to further discuss sentencing and any remaining concerns. *See* ECF No. 164 at PageID ## 734-740. And upon return from that recess, Latin confirmed that she had "sufficient time to go over [her concerns regarding the PSR]," that she was satisfied with her counsel's representation of her, and that she wished to proceed with sentencing. *Id.* at PageID # 741.

regarding her counsels' alleged failures to investigate and failures to object, *see*

ECF No. 204 at PageID ## 1164-69, are time-barred under § 2255(f)(4).

Likewise, Latin's ineffective-assistance claim relating to the safety

valve issue is also time-barred under § 2255(f)(4).[13]  In a confusing manner, Latin

states in a Declaration appended to the Petition as Exhibit Z that "[she] received

new supporting documents . . . in July 2021, that would have [tolled] the one year

[statute of limitations] period, to end in July 2022."  ECF No. 204-28 at PageID

# 1261.  This is the only reference to a "July 2021" receipt of documents in either

Latin's Petition or Reply (and the only time Latin appears to argue in either filing

that the statute of limitations period should be tolled until July 2021).  It appears

that the document to which Latin refers is a July 2, 2021 letter from her prior

counsel informing the Federal Public Defender's Office that Latin "could

potentially qualify" for a safety valve sentence reduction under *United States v.*

*Lopez*, 998 F.3d 431 (9th Cir. 2021), which was decided *after* Latin's sentencing

hearing.  ECF No. 204-28 at PageID # 1273 (appearing to indicate, by a

handwritten notation, that Latin received the letter on Friday, July 16, 2021).  And

in the Petition, Latin asserts that she "objected to the lack of application of the

---

[13] Subsequent to filing the present § 2255 Petition, Latin filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(2) based on the applicability of the safety valve.  *See* ECF No. 212.

'safety valve' pursuant to the First Step Act of 2018."  ECF No. 204-1 at PageID

# 1176.  In Exhibit E to the Petition, Latin highlights a paragraph in the PSR

explaining why the safety valve provision under 18 U.S.C. § 3553(f)(1) was not

applied in her case.  ECF No. 204-7 at PageID # 1208.  Under that paragraph,

Latin hand-wrote "US vs. Lopez."  *Id*.

　　　　　Thus, construed liberally, it appears that Latin argues that her counsel

provided ineffective assistance at sentencing by failing to argue that she was safety

valve eligible under the First Step Act, 18 U.S.C. § 3553(f), and that the Ninth

Circuit's decision in *Lopez* tolls the time for her to raise this claim.  But an

intervening development in case law, which is what *Lopez* represents, does not toll

the limitations period under § 2255(f)(4).[14]  *See, e.g.*, *McCloud v. United States*,

987 F.3d 261, 264, 265 n.11 (2d Cir. 2021).  That is, "a case interpreting the law"

---

[14] In 2018, the First Step Act broadened the safety valve to apply to a defendant who "does not have—(A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense . . . ; (B) a prior 3-point offense . . . ; and (C) a prior 2-point violent offense . . . ."  18 U.S.C. § 3553(f)(1).  In *Lopez*, the Ninth Circuit interpreted this provision to read in the conjunctive—that is, in order to be ineligible for safety valve, a defendant's criminal history must feature all three of the conditions specified in subparagraphs (A), (B), and (C).  *See Lopez*, 998 F.3d at 443 (holding that "§ 3553(f)(1)'s 'and' is unambiguously conjunctive").  A petition for rehearing en banc in *Lopez* is pending.  *See id.*, *petition for rehearing en banc filed* June 22, 2021.

　　　　The only other circuit to address the scope of the amended safety valve reached a result contrary to the Ninth Circuit.  That is, the Eleventh Circuit once held that a defendant is ineligible for the safety valve if that defendant satisfies any of the three subparagraphs.  *United States v. Garcon*, 997 F.3d 1301, 1303 (11th Cir. 2021) (finding that, "based on the text and structure of § 3553(f)(1), the 'and' is disjunctive").  The Eleventh Circuit, however, granted a petition for rehearing en banc on January 21, 2022, vacating its prior opinion.  *United States v. Garcon*, 23 F.4th 1334 (11th Cir. 2022) (mem.).

is not a newly discovered "fact" under § 2255(f)(4).  *See id.* at 264-267; *see also Shannon v. Newland*, 410 F.3d 1083, 1088 (9th Cir. 2005) (holding that an intervening state court decision does not constitute a "factual predicate" within the meaning of 28 U.S.C. § 2244(d)(1)(D)—a provision similar to § 2255(f)(4))— where it "clarified the law, not the facts").

To the extent Latin argues that her realization that she might be "potentially affected" by the decision in *Lopez* is a newly discovered "fact," that argument fails.  *See* ECF No. 204-28 at PageID # 1273 (letter from prior counsel to the Federal Public Defender stating that Latin is a "former client[]" "who could potentially qualify for the safety valve under the *Lopez* decision").  It is undisputed that all the facts relating to Latin's safety valve eligibility were known to her at sentencing.  Thus, the time for her to raise any ineffective assistance claim on that basis expired on June 9, 2021, one year from the date that her judgment became final.

And Latin failed to "exercise due diligence" such that § 2255(f)(4) would apply to any of her claims.  As reasons for her inaction, Latin asserts both the COVID-19 pandemic and that her "access to requested tools[] and information" was "impede[d]" by FPC Bryan staff.  *See* ECF No. 211 at PageID ## 1397-98. But Latin was aware of all the claims she raises in her Petition at the time of sentencing, if not before.  Her failure to exercise due diligence clearly preceded the

16

finality of the judgment (i.e., June 9, 2020).[15]  Accordingly, § 2255(f)(4) does not

apply and Latin's claims are time-barred.

## B.    Equitable Tolling Does Not Apply

Further, Latin does not indicate any circumstances that entitle her to

equitable tolling.  "Equitable tolling is applicable only if extraordinary

circumstances beyond a prisoner's control make it impossible to file a petition on

time" and those extraordinary circumstances are "the cause of [the] untimeliness."

*Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (quotation marks and citation

omitted).  Indeed, "the threshold necessary to trigger equitable tolling is very

high."  *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010)

(quotation marks, ellipses, and citation omitted).[16]

"[A] litigant seeking equitable tolling bears the burden of establishing

two elements: (1) that [s]he has been pursuing [her] rights diligently, and (2) that

---

[15] Indeed, Latin's former counsel wrote to her on February 5, 2021—four months before the deadline—and specifically told her that she "would have one year from [June 9, 2020] to file a motion under [the post-conviction statute] (by June 8, 2021)."  ECF No. 204-28 at PageID # 1273.

[16] And although Latin does not assert "actual innocence" as a basis for equitable tolling of her § 2255 Petition, to the extent she may be making that argument, it fails.  *See United States v. Kimber*, 591 F. App'x 578, 578-79 (9th Cir. 2015) (mem.) ("A claim of actual innocence is a basis for equitable tolling of the statute of limitations." (citing *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc))).  In addition to not arguing "actual innocence," Latin has not established "factual innocence" or that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted [her]" of the underlying charges.  *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citing *Schlup v. Delo*, 513 U.S. 298 (1995)) (quotation marks omitted).

some extraordinary circumstance stood in [her] way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). And "for a litigant to demonstrate [s]he has been pursuing [her] rights diligently . . . [s]he must show that [s]he has been reasonably diligent in pursuing [her] rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing [her] claim[s] in federal court." *Smith v. Davis*, 953 F.3d 582, 598-99 (9th Cir. 2010) (internal citations and quotation marks omitted). Latin has not met her burden here.

Latin asserts that certain restrictions due to the COVID-19 pandemic, including "lockdowns" and lack of law library access, constitute an extraordinary circumstance that merits equitable tolling. *See* ECF No. 204-1 at PageID # 1192; ECF No. 211 at PageID # 1398. She claims that the law library "was shut down with no inmate access" from April 1, 2020 until "roughly" "[e]arly August 2021," ECF No. 204-28 at PageID # 1260, and further states that "the prison was on lockdown [from June 2020 through December 2020] with no phone, computer (Electronic Law Library . . . ), printer, or typewriter access *on more than one occasion*." ECF No. 211 at PageID # 1398 (emphasis added).

But although the law library was inaccessible to inmates from April 2020 to March 2021, "inmates at FPC Bryan had access [during that time] to legal research using the law library computer workstations that were available in each of

the housing units," which included access to the Bureau of Prisons Electronic Law Library and printing services.  ECF No. 208-1 at PageID ## 1324-25 (Declaration of Erin Goodwin, Supervisor of Education at FPC Bryan); *see also* ECF No. 211-4 at PageID # 1408 (stating, in a May 18, 2020 email, that "[Latin's] Unit Manager [at FPC Bryan] . . . indicated she would facilitate [typewriter] use for [Latin] as well as time [for Latin] to review [her] PSR").

It is thus clear that Latin has not demonstrated that she diligently pursued her rights while the COVID-19 restrictions were in place.  Specifically, Latin does not specify the amount of time she was completely denied access to legal resources, i.e., a complete lockdown.  She instead asserts that she was denied access to legal resources due to lockdowns "on more than one occasion."  ECF No. 211 at PageID # 1398.  The court is left guessing as to the total amount of time Latin could not access any legal resources.

And as for the time outside of those "occasion[s]," in which Latin had access to legal resources through the computer workstations, she fails to demonstrate that she attempted to file a timely § 2255 petition with reasonable diligence but was thwarted by an extraordinary circumstance.  To the extent she argues that accessing legal resources through computer workstations is an inferior method to accessing legal resources in print through a library, she has failed to establish that such an inferior method of access to legal resources constitutes an

19

extraordinary circumstance. *See Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) ("[A] prison library that was missing a handful of reporter volumes, and reliance on helpers who were transferred or too busy to attend to [the preparation of] petitions" "are hardly extraordinary given the vicissitudes of prison life, and [give] no indication . . . that they [make] it 'impossible' . . . to file on time.").

In sum, Latin has failed to demonstrate that the COVID-19 restrictions at FPC Bryan, specifically, and the COVID-19 pandemic, more generally, prevented her from filing a timely Petition. *See Smith*, 953 F.3d at 598-99; *see also, e.g.*, *Olsen v. United States*, 2021 WL 329462, at *3 (D. Idaho Feb. 1, 2021). Accordingly, equitable tolling does not apply to Latin's Petition.

## IV.  <u>CERTIFICATE OF APPEALABILITY</u>

In dismissing the Petition, the court must also address whether Latin should be granted a certificate of appealability ("COA"). *See* R. 11 Governing § 2255 Cases in the U.S. Dist. Cts. (providing that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

"The standard for a certificate of appealability is lenient." *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc), *overruled on other grounds by Swarthout v. Cooke*, 562 U.S. 216 (2011). The petitioner is required to

demonstrate only "that reasonable jurists could debate the district court's resolution or that the issues are adequate to deserve encouragement to proceed further." *Id.* (citation and quotation marks omitted). The standard "requires something more than the absence of frivolity but something less than a merits determination." *Id.* (citation and quotation marks omitted).

Latin's Petition is clearly beyond the one-year time limit. The Government raised this statute of limitations defense in its Response, and Latin failed to show that her Petition could possibly be construed as timely under § 2255(f). There is no factual basis for equitable tolling. Based on the record before the court, the Petition is clearly untimely, and the court finds that reasonable jurists could not find the court's ruling debatable. *See Hayward*, 603 F.3d at 553. Accordingly, a COA is DENIED.

///

///

///

///

///

///

///

///

21

# V. **CONCLUSION**

Based on the foregoing, the Petition is DISMISSED as time-barred

and a COA is DENIED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, March 7, 2022.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Latin*, Cr. No. 17-00514 JMS (03), Civ. No. 21-00453 JMS-RT, Order (1) Dismissing Petitioner's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 204; and (2) Denying a Certificate of Appealability