IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 17-00514 JMS (03) |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE), ECF NO. 225 |
| vs. | |
| SHEREASE ANTIONETTE LATIN, | |
| Defendant. | |

**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE), ECF NO. 225**

## I. INTRODUCTION

Pro se Defendant Sherease Antionette Latin ("Defendant" or "Latin") moves for compassionate release from the Federal Prison Camp in Bryan, Texas ("FPC Bryan") pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 225. Because Defendant has failed to show extraordinary and compelling reasons warranting a sentence reduction, and also because the 18 U.S.C. § 3553(a) factors do not support a sentence reduction, the court DENIES the Motion.

## II. BACKGROUND

Defendant is a 44-year-old inmate incarcerated at FPC Bryan who is projected to be released from custody on October 18, 2027. *See* https://

www.bop.gov/inmateloc/ (last visited July 6, 2022).  On July 17, 2018, Defendant pled guilty to conspiring to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).  *See* ECF Nos. 1, 38, 39.  At sentencing, Defendant had a total offense level of 31 and a criminal history category of IV, resulting in a guideline range of 151 to 188 months, and a mandatory-minimum sentence of ten years.  *See* ECF No. 138 at PageID # 633, ¶¶ 122–23; ECF No. 143 (court adopting the findings and calculations in the presentence investigation report, ECF No. 138).  But on January 24, 2020, based on the government's filing of a motion for downward departure, the court sentenced Defendant to 120 months imprisonment followed by five years of supervised release.[1]  *See* ECF No. 143 (January 23, 2020 sentencing hearing in which the court granted the government's motion for downward departure, ECF No. 139); ECF No. 144 (Judgment dated January 24, 2020).

        Roughly eleven months later, on December 21, 2020, the government filed a second motion for downward departure, pursuant to Federal Rule of Criminal Procedure 35(b)(1), recommending that the court reduce Defendant's

---

[1] Because the government's motion for downward departure was brought in part under 18 U.S.C. § 3553(e), the court had discretion to sentence Defendant below the ten-year mandatory minimum.  *See* ECF No. 139 at PageID # 650.  In fact, at sentencing, the court recognized its authority to impose a sentence below ten years but nonetheless found a ten-year sentence to be appropriate.  *See* ECF No. 164 at PageID ## 768–69.

term of imprisonment to reflect a further one-level downward departure with a resulting guideline range of 110 to 137 months.  ECF No. 192.  On January 13, 2021, the court granted the motion and decreased Defendant's term of imprisonment to 108 months.  ECF No. 199.

At the time of her sentencing and subsequent sentence reduction, Defendant was deemed ineligible for the "safety valve" provision in 18 U.S.C. § 3553(f)(1).  The effect of safety-valve eligibility is to except a criminal defendant from a statutory-minimum sentence, *see id.* § 3553(f), and to provide a two-level decrease in the defendant's base offense level, *see* U.S.S.G. § 2D1.1(b)(16).  *See also United States v. Rangel-Guzman*, 752 F.3d 1222, 1226 (9th Cir. 2014).  Defendant was deemed ineligible because she had a prior 3-point criminal offense, and § 3553(f)(1) was being interpreted to make ineligible defendants who met one or more of the criminal-history conditions listed in § 3553(f)(1)(A)–(C), one of those conditions being a "prior 3-point offense."[2]  In other words, the criminal-history conditions in § 3553(f)(1)(A)–(C) were being treated as disjunctive with respect to ineligibility.  *See, e.g.*, *United States v. Garcon*, 997 F.3d 1301, 1305 (11th Cir. 2021), *reh'g en banc granted*, *opinion vacated*, 23 F.4th 1334 (11th Cir.

---

[2] The three conditions are: "(A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines; (B) a prior 3-point offense, as determined under the sentencing guidelines; and (C) a prior 2-point violent offense, as determined under the sentencing guidelines." 18 U.S.C. § 3553(f)(1).

3

2022) (describing rationale for disjunctive interpretation).  Subsequent to Defendant's sentencing, however, the Ninth Circuit held that the three conditions listed in § 3553(f)(1)(A)–(C) should be interpreted in the *conjunctive*, meaning that Defendant is safety-valve eligible, *see United States v. Lopez*, 998 F.3d 431, 433 (9th Cir. 2021), *petition for reh'g en banc filed* (Aug. 5, 2021).  *See also* ECF No. 228 at PageID # 1622 (government conceding that, under *Lopez*, Defendant is safety-valve eligible).

On April 19, 2022, Defendant filed her Motion seeking compassionate release.[3]  ECF No. 225.  Defendant bases her Motion on three grounds: (1) her sentence is disproportionately long because, due to *Lopez*, she would receive a shorter sentence if sentenced today with safety-valve eligibility; (2) her "health, vulnerability, risk factors, and the 'exceptionally harsh' conditions of [her] imprisonment"; and (3) her family circumstances, namely, her aging mother's health and care, "have been severely affected by [her] incarceration."  *See id.*  The government filed its Opposition on May 23, 2022.  ECF No. 228.  The court decides the Motion without a hearing pursuant to Local Rule 7.1(c).

---

[3] The Motion is deemed filed on the date Latin gave it to prison officials for mailing.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (explaining prison mailbox rule); *Douglas v. Noelle*, 567 F.3d 1103, 1108-09 (9th Cir. 2009).  Here, the court assumes that Latin gave her Motion to prison officials for mailing on the date she signed the Motion, April 19, 2022.  *See* ECF No. 225 at PageID # 1518.

## III.  **DISCUSSION**

### A.  **Legal Standard**

Generally, a "court may not modify a term of imprisonment once it has been imposed."  28 U.S.C. § 3582(c); *see also United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021).  An exception is when a federal inmate files a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  *Keller*, 2 F.4th at 1281.  Section 3582(c)(1)(A), as amended by the First Step Act of 2018 ("FSA"), provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
> . . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Accordingly, the court may reduce Defendant's sentence if (1) Defendant has exhausted the required administrative remedies; (2) the court finds there are "extraordinary and compelling reasons" warranting a sentence

reduction; and (3) the court considers the § 3553(a) factors, to the extent they are applicable, and determines that the reduction is warranted under the circumstances. *See Keller*, 2 F.4th at 1283–84.

Although the text of § 3582(c)(1)(A) also requires a sentence reduction to be "consistent with applicable policy statements issued by the United States Sentencing Commission," that requirement does not apply to this case, as there is currently no policy from the Sentencing Commission that is "applicable" to compassionate-release motions filed by a defendant rather than the Federal Bureau of Prisons ("BOP") Director. *See United States v. Aruda*, 993 F.3d 797, 801–02 (9th Cir. 2021) (per curiam). Specifically, the Sentencing Commission's policy statement, United States Sentencing Guideline ("Guideline") § 1B1.13, was promulgated before the FSA provided criminal defendants the ability to file motions for compassionate release on their own behalf. *See Aruda*, 993 F.3d at 800. And, without a quorum, the Sentencing Commission has been unable to amend the Guidelines post-FSA. *Id.* at 800 n.1. This court is thus empowered to consider any extraordinary and compelling reason that warrants a sentence reduction. *See id.* at 801–02. In making this determination, "[t]he Sentencing Commission's statements in [§ 1B1.13] may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Aruda*, 993 F.3d at 802.

## B. Exhaustion of Administrative Remedies

To satisfy the exhaustion requirement for compassionate release under 18 U.S.C. § 3582(c)(1)(A), a defendant's request to the BOP (often, the prison warden) must explain the basis for the relief sought and provide a proposed release plan. *See* 28 C.F.R. § 571.61(a)(1)–(2);[4] *see also United States v. Burdette*, 2020 WL 6375535, at *2 (E.D. Mich. Oct. 30, 2020). Stated differently, if the basis for compassionate release is not presented to the BOP, the BOP has no ability to address the request on its merits, meaning the prisoner's claim is not exhausted. *See Burdette*, 2020 WL 6375535, at *2; *see also United States v. Mogavero*, 2020 WL 1853754, at *2 (D. Nev. Apr. 13, 2020) ("Proper exhaustion necessarily requires the inmate to present the same factual basis for the compassionate-release request to the warden.").

The exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) is "a mandatory claim-processing rule that must be enforced when properly invoked." *Keller*, 2 F.4th at 1282. That said, the exhaustion requirement should not be applied in an overly technical manner. *See United States v. Knight*, 2020 WL

---

[4] More specifically, § 571.61(a) requires that, "at a minimum," a defendant's request to the BOP include: (1) "[t]he extraordinary or compelling circumstances that the inmate believes warrant consideration"; and (2) a proposed release plan detailing "where the inmate will reside, how the inmate will support himself," and, if health is a basis for the request, "information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment." 28 C.F.R. § 571.61(a)(1)–(2).

4059886, at *2 (M.D. N.C. July 20, 2020) ("The exhaustion requirement should not be applied hyper-technically, and the request to the warden need not be identical in detail or specificity to the motion made in court."). Instead, recognizing that inmates are generally not trained in the law, exhausting a stated basis for relief requires only that an inmate place the BOP on notice of the general basis for relief. *See, e.g.*, *United States v. Clutts*, 2020 WL 6531915, at *4 (N.D. Iowa Nov. 5, 2020) ("[I]t is sufficient for a defendant to alert the BOP of the general grounds [he or she] assert[s] for relief so long as the BOP has the information necessary to investigate such grounds.").

        Here, the government argues that Defendant's request to FPC Bryan's warden failed to raise the second and third grounds on which Defendant's Motion is based—health and prison conditions, and family circumstances. ECF No. 228 at PageID # 1618. The government thus asserts that the court should ignore those grounds when deciding the Motion. *Id.*

        The court agrees with the government—Defendant did not place FPC Bryan's warden on notice of the general nature of grounds two and three of her Motion. Rather, she raised only the first ground, "sentence disparity based on the 'Safety Valve,'" in her letter to the warden. *See* ECF No. 225-2. Because the government properly invoked the mandatory claim-processing rule of administrative exhaustion, *see Keller*, 2 F.4th at 1282, and because the court finds

8

that Defendant failed to exhaust grounds two and three of her Motion, the court will not consider those grounds in support of Defendant's requested relief. *See United States v. Kanohokula*, 2021 WL 5411211, at *4 (D. Haw. Nov. 18, 2021).

## C.     Extraordinary and Compelling Reasons

Defendant bears the burden of establishing that extraordinary and compelling reasons warrant compassionate release. *See, e.g.*, *United States v. Bogema*, 2020 WL 6150467, at *3 (D. Haw. Oct. 20, 2020). And the court has discretion to determine whether any proffered reasons are "extraordinary and compelling" under § 3582(c)(1)(A). *See Aruda*, 993 F.3d at 802; *United States v. Kaimana*, 2022 WL 819437, at *7 (D. Haw. Mar. 17, 2022) (finding that extraordinary and compelling reasons justified reducing a life sentence to a finite term of imprisonment under § 3582(c)(1)(A)). To be clear, the court has the power under § 3582(c)(1)(A) to reduce the length of a sentence to a term that would not result in immediate release. *See United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020) ("It bears remembering that compassionate release is a misnomer. 18 U.S.C. § 3582(c)(1)(A) in fact speaks of sentence reductions. A district court could, for instance, reduce but not eliminate a defendant's prison sentence . . . .").

Defendant identifies a disparity between the sentence she received in January 2020, as modified in January 2021, and the sentence she would receive today. *See* ECF No. 225 at PageID # 1517. And she asserts that the disparity

constitutes an extraordinary and compelling reason justifying a reduction in her sentence. *See id.* More specifically, Defendant asserts that her current sentence is disproportionately long because she was not credited with the two-level downward adjustment under the safety valve, 18 U.S.C. § 3553(f). *See id.* And the government concedes that, under *Lopez*, Defendant is eligible for the safety valve and its benefits. *See* ECF No. 228 at PageID # 1622. The court concurs.

Further, the court acknowledges that other district courts have found extraordinary and compelling reasons justifying sentence reductions because of sentencing disparities that were caused by the expansion of safety-valve eligibility. *See United States v. Wright*, 2022 WL 673265, at *4 (S.D. Cal. Mar. 7, 2022) (collecting cases) (granting compassionate release motion but noting that "[t]his Court is not prepared to find that *Lopez* should result in a retroactive sentence reduction for every potentially eligible defendant regardless of circumstance.").

Nevertheless, here, based on an individualized review of the circumstances, the court concludes that Defendant's sentencing disparity does *not* constitute an extraordinary and compelling reason justifying a sentence reduction. As the government correctly notes, Defendant has already been excepted from the 120-month mandatory minimum given that the court granted the government's § 3553(e) motion for downward departure. *See* ECF Nos. 139 and 143. At sentencing, Defendant had a total offense level 31 and criminal history category

IV, resulting in a Guideline range of 151–188 months.  With safety-valve eligibility, Defendant would have a total offense level 29 and criminal history category IV, resulting in a Guideline range of 121 to 151 months.

Although this difference is not an insignificant amount of time, it does not rise to the level of an extraordinary and compelling reason justifying compassionate release.  *See United States v. Lii*, 528 F. Supp. 3d 1153, 1164 (D. Haw. 2021) ("[W]hen undertaking an 'individualized assessment' as to a defendant's circumstances, courts may properly consider both the '*sheer and unusual length*' of a sentence given under the former sentencing regime and the 'gross disparity' between that sentence and the sentence 'Congress now believes to be an appropriate penalty for the defendants' conduct.'"  (emphasis added) (quoting *United States v. McCoy*, 981 F.3d 271, 285 (4th Cir. 2020)); *United States v. Gibson*, No. 16-cr-00746-JMS-6 (D. Haw. June 16, 2022) (this court determining that a disparity of three years did not rise to the level of an extraordinary and compelling reason justifying release); *United States v. Gomez*, 2021 WL 1240621, at *6 (D. Haw. Apr. 2, 2021) (this court determining that "in contrast to the chasmic gap between a 15-year sentence and a lifetime of imprisonment, the space between [a defendant's pre- and post-FSA sentence of] 230 months and 240 months is quite slight" and does not constitute an extraordinary and compelling reason for purposes of compassionate release), *aff'd*,

2022 WL 543080 (9th Cir. 2022); *cf. United States v. Mitsuyoshi*, 2022 WL 819436, at *5 (D. Haw. Mar. 17, 2022) (this court concluding that the disparity between defendant's post-FSA 120-month mandatory minimum and the 240-month term of incarceration that was imposed at sentencing—in combination with defendant's rehabilitation and defendant's having served approximately 129 months in custody—constituted extraordinary and compelling reasons justifying release); *Kanohokula*, 2021 WL 5411211, at *5 (this court finding extraordinary and compelling reasons warranting compassionate release where Defendant's post-FSA sentence—considering today's advisory guidelines and applying the same percentage departure that was applied at sentencing—would be 97 months, and Defendant had served more than 121 months of his 168-month sentence).

In short, the two-level disparity caused by the safety valve does not "ris[e] to the level of an extraordinary and compelling circumstance." *See Gomez*, 2022 WL 543080, at *1 (9th Cir. 2022) (mem.). The court concludes, therefore, that Defendant has failed to demonstrate extraordinary and compelling reasons warranting a sentence reduction.

**D.     Section 3553(a) Factors**

Even if Defendant had established extraordinary and compelling reasons warranting a sentence reduction, the 18 U.S.C. § 3553(a) factors would weigh heavily against a reduction of Defendant's sentence. *See United States v.*

*Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020) (reasoning that compassionate release is discretionary and may be refused after a consideration of the applicable § 3553(a) factors).

As relevant to this case, the § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentence imposed: (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; and (c) to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(1)-(2). And under the parsimony clause, the court must "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" in § 3553(a)(2).

As for "the nature and circumstances of the offense," Defendant pled guilty to facilitating the distribution of large quantities of methamphetamine, a highly addictive and dangerous narcotic: She travelled from Los Angeles to Honolulu at least ten times carrying a pound or more of methamphetamine on each trip. ECF No. 138 at PageID ## 610–11, ¶¶ 17, 20. And on one particular occasion, she further assisted a dealer in distributing one pound of methamphetamine by driving the dealer to a meet-up with a buyer and, afterwards,

13

helping the dealer deposit and transfer the proceeds into various bank accounts. *Id.* at PageID # 611, ¶ 21.

Regarding the "history and characteristics of the defendant," Defendant has a significant and troubling criminal history that resulted in a criminal history category IV. *See* ECF No. 138 at PageID # 621, ¶¶ 67–69. Her crimes span the chapters of a criminal law hornbook: shoplifting, assault and battery, disorderly conduct, second degree forgery, driving under the influence, obstruction, resisting arrest, cocaine-related federal offense, marijuana-related offense, soliciting prostitution, and unlawful possession of a weapon. *See* ECF No. 138 at PageID ## 614–21, ¶¶ 46–66. By the court's calculations, Defendant has been convicted on a total of 28 criminal counts, including one 3-point offense and six 1-point offenses. *See id.* For some of those convictions, Defendant's probation or supervised release was revoked—significantly, she committed a portion of instant offense while on supervised release for the cocaine-related conviction. *See id.* at PageID # 621, ¶ 68; *compare id.* at PageID ## 610–11, ¶¶ 17, 20 ("[F]light records for Latin . . . reveal[] that she completed 10 round-trip flights between Los Angeles to Honolulu, between [March 2012] and [November 2012]."), *with id.* at PageID ## 618-19, ¶ 60 (indicating that Defendant's supervised release for the cocaine-related conviction commenced in April 2012 and was revoked in July

14

2013). And some of Defendant's prior offenses involved violence or flirted with a prospect of violence, e.g., assault and resisting arrest.

As to the remaining factors—which concern how the various punishment theories justify the duration of a sentence—it is notable that only five of Defendant's numerous prior offenses were considered when tallying her 9 criminal-history points. *See id.* at PageID # 621, ¶¶ 67–69. Thus, if anything, those 9 criminal-history points are an underrepresentation of Defendant's full criminal history. Given Defendant's offense conduct and her prior criminal history, the 108-month term is absolutely necessary to adequately deter to future criminal conduct and to protect the public from further crimes. It is also notable that Defendant still has more than half of her sentence remaining—she is not projected to be released from custody until October 18, 2027. *See* https://www.bop.gov/inmateloc/ (last visited July 6, 2022). She thus has over five years left to serve of her nine-year sentence.[5]

Given the nature of Defendant's offense and her criminal history, the court finds that reducing Defendant's sentence would severely undermine the goals

---

[5] When evaluating the § 3553(a) factors, courts consider the amount of time remaining on a defendant's sentence—whether short or long—in determining whether to grant compassionate release. *See, e.g., United States v. Pawlowski*, 967 F.3d 327, 330-31 (3d Cir. 2020); *Chambliss*, 948 F.3d at 694; *United States v. Farmer*, 2020 WL 4057550, at *2 (N.D. Ohio July 20, 2020); *United States v. Steffey*, 2020 WL 3840558, at *1 (D. Nev. July 8, 2020); *United States v. Maka*, 2020 WL 2544408, at *4 (D. Haw. May 19, 2020); *United States v. Bogdanoff*, 459 F. Supp. 3d 653, 659 (E.D. Pa. 2020); *United States v. Moskop*, 2020 WL 1862636, at *1-2 (S.D. Ill. Apr. 14, 2020).

of sentencing set forth in § 3553(a)(2), even considering the "subsequent developments" affecting her eligibility for safety-valve relief.  *See United States v. Lizarraras-Chacon*, 14 F.4th 961, 967 (9th Cir. 2021) ("[I]n a § 3553(a) factor analysis, a district court must . . . use the *fullest information possible* concerning subsequent developments in the law," e.g., "changes in sentencing guidelines" or "legislative changes to a mandatory minimum.").  Put differently, the intervening *Lopez* decision and the resulting change to Defendant's safety-valve eligibility do not significantly alter the analysis of what sentence is warranted in Defendant's individual case based upon consideration of the totality of the § 3553(a) factors.

In reaching this conclusion, the court is aware that Defendant's offense conduct did not involve violence, that no firearm was possessed or used, and that she was not an organizer or leader of the narcotics conspiracy to which she pled guilty.  *See* ECF No. 138 at PageID ## 5, 10–22.  Nevertheless, the § 3553(a) factors weigh heavily against granting the relief sought.

///

///

///

///

///

///

## IV. **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release), ECF No. 225, is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 6, 2022



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Latin*, Cr. No. 17-00514 JMS (03), Order Denying Defendant's Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release), ECF No. 225